## McMICKING v. SCHIELDS.

### APPEAL FROM THE SUPREME COURT OF THE PHILIPPINE ISLANDS.

No. 285.   Submitted May 12, 1915.—Decided June 1, 1915.

General Order No. 58, of April 23, 1900, amended the Philippine Code of Criminal Procedure, and gave the person charged with crime a specified time within which to plead; but even if the trial court misconstrued the provisions of the Order in that respect, such error would not deprive the proceedings of lawful effect and enlarge the accused.

Mere error of law, even though serious, committed by the trial court in a criminal case in the exercise of jurisdiction over a case properly subject to its cognizance, cannot be reviewed by *habeas corpus*.

The writ of *habeas corpus* cannot be employed as a substitute for a writ of error.

23 P. I. 526, reversed.

THE facts, which involve the validity of a conviction and sentence in the Philippine Islands and the extent to which the conviction can be reviewed on *habeas corpus*, are stated in the opinion.

*Mr. S. T. Ansell* for appellant:

This court has jurisdiction of this appeal.

The Supreme Court discussed and decided the cause and released the prisoner upon a misapprehension and an unwarranted assumption as to what took place in the trial court.

The record shows that appellee enjoyed all the time allowed under the Philippine practice.

The judgment of conviction was not void; it was at most only voidable for error or irregularity of procedure.

The trial court had and retained complete jurisdiction.

It had jurisdiction to decide, as a question of law arising

in the course of the trial, the question of the applicability of § 30.

Denial of time for preparation prescribed by § 30 is not a violation of the due process of law provisions of the Organic Act nor is § 30 a due process of law standard.

Non-compliance with such statutes does not violate the due process of law provisions and render the trial void.

The requirements of due process of law were fully met in the trial court.

*Habeas corpus* was not the proper remedy, and the Supreme Court not only abused the writ but violated its own jurisdictional power.

The proceeding complained of in the trial court being at most only erroneous or irregular *habeas corpus* was not the proper remedy.

Incomparably more serious defects than the one complained of are not remediable by *habeas corpus*.

The Supreme Court violated its own jurisdiction under Philippine law in allowing the writ.

Appellee's remedy under local law was by certiorari.

If mere procedural error is to be remedied through *habeas corpus*, as was attempted in this cause, the whole course of criminal justice in the Philippine Islands may be deranged, or even defeated.

In support of these contentions see §§ 990, 1049, Cal. Code Cr. Pr.; § 2558, Mo. R. S.; § 357, N. Y. Code Cr. Pr.; § 1, G. O. No. 58, Phil. Code Cr. Pr.; § 19, G. O. No. 58, Phil. Code Cr. Pr.; § 30, G. O. No. 58, Phil. Code Cr. Pr.; §§ 514, 528, Phil. Code Civ. Pr.; §§ 5, 9, 10, Phil. Organic Act (32 Stat. 691, 695); § 7168, Ann. Code Tenn.; §§ 4770, 4797, Comp. Laws Utah; *Re Barton,* 6 Utah, 664; *Boulter* v. *State,* 42 Pac. Rep. 606; *Brown* v. *New Jersey,* 175 U. S. 172; *State* v. *Barnes,* 3 N. Dak. 131; *Counts* v. *State,* 49 Tex. Cr. Rep. 329; *State* v. *Crinklaw,* 40 Nebraska, 759; *De La Rama* v. *De La Rama,* 201 U. S. 309; *Diaz* v. *United States,* 223 U. S. 455; *State* v. *De Wolf,*

29 Montana, 418; *Evans* v. *States*, 36 Tex. Cr. Rep. 32;
*Fisher* v. *Baker,* 203 U. S. 180; *Re Frederich,* 149 U. S.
70; *Franklin* v. *South Carolina,* 218 U. S. 161, 168; *People*
v. *Frederichs,* 39 Pac. Rep. 944; *Felts* v. *Murphy,* 201 U. S.
123, 129; *Gonzales* v. *Cunningham,* 164 U. S. 621; *Garland*
v. *Washington,* 232 U. S. 642; *Ex parte Harding,* 120 U. S.
782; *Ex parte Haase,* 190 Pac. Rep. 946; *People* v. *Harper,*
139 App. Div. (N. Y.) 344; *State* v. *Harris,* 100 Iowa, 188;
*Humphries* v. *Dist. of Columbia,* 174 U. S. 190; *State* v.
*Hunter,* 171 Missouri, 435; *Hickory* v. *United States,* 151
U. S. 303; *Isaacs* v. *United States,* 159 U. S. 487; *Johnson*
v. *State,* 49 S. W. Rep. (Tex.) 618; *State* v. *Jordan,* 87 Iowa,
86; *Kepner* v. *United States,* 195 U. S. 100, 122; *King* v. *State,*
56 S. W. Rep. (Tex.) 926; *State.* v. *King,* 97 Iowa, 440;
*Kohl* v. *Lehlback,* 160 U. S. 293; *Logan* v. *United States,*
144 U. S. 302; *Matter of Moran,* 203 U. S. 102; *Ex parte*
*Mitchell,* 104 Missouri, 121; *In re Manning,* 139 U. S.
504; *Nokes* v. *State,* 6 Cold. (Tenn.) 297; *Partridge* v.
*State,* 147 S. W. Rep. (Tex.) 234; *State* v. *Phillips,* 73 Minne-
sota, 77; *Case of Ratcliffe,* Foster Cr. Law, 41; *Reed* v. *State,*
31 Tex. Cr. Rep. 35; *Serra* v. *Mortiga,* 204 U. S. 470;
*Stephens* v. *State,* 147 S. W. Rep. (Tex.) 235; *Templeton* v.
*State,* 146 S. W. Rep. (Tex.) 933; *Taylor* v. *State,* 11 Lea
(Tenn.), 712; *Valentina* v. *Mercer,* 201 U. S. 131; *Ex parte*
*Watkins,* 3 Pet. 202; *Re Wilson,* 140 U. S. 575; *Weens* v.
*United States,* 217 U. S. 367; *Woods* v. *Young,* 4 Cranch,
238; *People* v. *Winthrop,* 50 Pac. Rep. 390; *Wing* v. *United.*
*States,* 218 U. S. 272, 280.

No appearance for appellee.

MR. JUSTICE McREYNOLDS delivered the opinion of
the court.

The Philippine Supreme Court by final decree in a
*habeas corpus* proceeding discharged appellee from custody

and the Director of Prisons has appealed. The contro-
versy fairly involves the application of § 5, Organic
Act of the Islands (Act of Congress, July 1, 1902, c. 1369,
32 Stat. 691, 692, 695); and under § 10 of that statute
we have jurisdiction of the appeal. *Fisher* v. *Baker,*
203 U. S. 174; *Paraiso* v. *United States,* 207 U. S. 368.

Appellee, Schields, presented a petition to the Supreme
Court January 4, 1911, wherein, after setting out his
alleged wrongful imprisonment under a judgment entered
in the Court of First Instance, City of Manila, he further
alleged and prayed: "That said imprisonment and dep-
rivation of his liberty are illegal, because the said Court
of First Instance denied him the due process of law
guaranteed by the Philippine Bill of Rights. The said
illegalities are as follows: That on December 21, 1910, the
petitioner appealed from a judgment of the lower court
sentencing him for the crime of theft. That on De-
cember 23, the petitioner, without having been asked to
answer the complaint, was notified that the case would be
heard at 10 a. m. on December 24. When the case was
called at 10 a. m. on December 24, and while the petitioner
was arraigned, he asked for time in which to answer the
complaint, which request was denied by the court, who
ordered the Clerk to enter on the record that the petitioner
pleaded 'Not Guilty' to the complaint. Thereupon the
petitioner's attorney also asked for time in which to pre-
pare a defense, which petition was also denied by the same
court, to which ruling the petitioner's attorney excepted
and asked that the exception, together with the requests of
the petitioner which had been denied, be entered on the
record. Wherefore, the petitioner prays the Honorable
Supreme Court to issue a Writ of Habeas Corpus in his
favor, reversing the judgment pronounced by the lower
court as being contrary to law, and that the petitioner be
set at liberty."

Responding to a rule to show cause why the writ should

not issue, appellant answered that by virtue of an order of the Court of First Instance petitioner was in his custody in Bilibid Prison to serve a sentence of four months and one day of *arresto mayor* imposed upon conviction of theft.   Copies of the commitment and judgment were made parts of the return.   In course of that judgment the judge said: "At the beginning of the trial the defendant asked for further time to prepare, and invoked certain sections of G. O. 58, which, in our judgment, were not applicable to this case.   The prosecution did not file a new complaint in this court.   Defendant was tried on the identical complaint which was presented in the court below as long ago as December first.   To that complaint, as the record shows, he pleaded not guilty and having further brought this case here on appeal the presumption is that such plea continued and to allow delays for the reiteration of such a plea would be an empty formality. The law does not require a vain and useless thing and the provision in question must be construed as applying to cases where a new complaint is filed in this court.   But aside from this we think that the time of trial caused no prejudice to the accused.   As we have seen, the complaint was filed on December first, and the accused had more than three weeks to prepare before the trial in this court. During this period there were evidently one or more continuances and finally it seems the defendant had to be called into the Municipal Court by a bench warrant. Upon bringing the case here it was incumbent upon him to follow it up and to be ready and waiting its disposition by this court.   Notice of the trial was sent both to him and to his counsel the day before and it was not claimed that defendant could have produced any further testimony if the case had been postponed.   On the contrary, it appears that he called one witness who did not testify in the court below.   After all the question in the case is mainly one of law.   The principal controversy as to the

facts relates to the question of the alleged permission to take the articles, and this, as we have seen would not have excused the defendant, even had it been proved, though he admits that himself and Frandon are the only witnesses on that point."

General Order No. 58, promulgated from the Office of the United States Military Governor April 23, 1900, and now in effect, amended the Code of Criminal Procedure theretofore in force within the Islands. *Kepner* v. *United States*, 195 U. S. 100, 111. It provides: "Sec. 19. If, on the arraignment, the defendant requires it, he must be allowed a reasonable time, not less than one day, to answer the complaint or information. He may, in his answer to the arraignment, demur or plead to the complaint or information. . . Sec. 30. After his plea the defendant shall be entitled, on demand, to at least two days in which to prepare for trial."

Section 528 of the Code of Civil Procedure enacted by the Philippine Commission August 7, 1901, provides: "If it appears that the person alleged to be restrained of his liberty is in custody of an officer under process issued by a court or magistrate, or by virtue of a judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ shall not be allowed; or if the jurisdiction appear after the writ is allowed, the person shall not be discharged by reason of any informality or defect in the process, judgment, or order."

The pertinent part of § 5 of the Organic Act, approved July 1, 1902—"The Philippine Bill of Rights"—is as follows: "That no law shall be enacted in said islands which shall deprive any person of life, liberty, or property without due process of law, or deny to any person therein the equal protection of the laws. That in all criminal prosecutions the accused shall enjoy the right to be heard by himself and counsel, to demand the nature and cause of

the accusation against him, to have a speedy and public trial, to meet the witnesses face to face, and to have compulsory process to compel the attendance of witnesses in his behalf." . . . *Kepner* v. *United States, supra,* 117, 118.

The Supreme Court having heard the cause upon petition and reply held—one judge dissenting—that the writ of *habeas corpus* should be allowed and discharged the prisoner. Among other things it declared: "The denial to the accused of the time, at least two days, to prepare for trial, expressly given to him by mandatory statute, there being absolutely no discretion lodged in the court concerning the matter, is in effect the deprivation of the constitutional right of due process of law, to a trial before condemnation, said statute being for the purpose of making practically effective in benefit of the accused said constitutional provision. . . . The denial to the accused of a constitutional right does one of two things, it either ousts the court of jurisdiction to enter a judgment of conviction, or it deprives the record of all legal virtue, and a judgment of conviction entered thereon is a nullity, it having nothing to support it. . . . He applied for a writ of habeas corpus upon the ground that the judgment was void as a matter of law as he had been convicted without due process of law. . . . The refusal of the time in which to prepare for trial and the consequent forcing of the defendant to his defense on the instant is, under the provisions of our law, equivalent, in our judgment, to the refusal of a legal hearing. It amounts in effect to a denial of a trial. It is an abrogation of that due process of law which is the country's embodied procedure, without which a defendant has, in law, no trial at all. . . . Nobody has denied the initial jurisdiction of the trial court. It has never been discussed or even questioned in this court. That jurisdiction has always been freely conceded. The decision of this court rested upon something which

occurred after the jurisdiction referred to had attached and after the trial had begun. It rested upon the proposition that, while the trial court had jurisdiction in the first place, it either lost that jurisdiction during the progress of the trial, or so transcended its powers as to render its judgment void." . . .

We are unable to agree with the conclusion of the Supreme Court that the judgment pronounced by the Court of First Instance was void and without effect. Under the circumstances disclosed denial of the request for time to answer and to prepare defense was at most matter of error which did not vitiate the entire proceedings. The cause—admitted to be within the jurisdiction of the court—stood for trial on appeal. The accused had known for weeks the nature of the charge against him. He had notice of the hearing, was present in person and represented by counsel, testified in his own behalf, introduced other evidence, and seems to have received an impartial hearing. There is nothing to show that he needed further time for any proper purpose, and there is no allegation that he desired to offer additional evidence or suffered substantial injury by being forced into trial. But for the sections in respect of procedure quoted from General Order No. 58 it could not plausibly be contended that the conviction was without due process of law. The Court of First Instance placed no purely fanciful or arbitrary construction upon these sections and certainly they are not so peculiarly inviolable that a mere misunderstanding of their meaning or harmless departure from their exact terms would suffice to deprive the proceedings of lawful effect and enlarge the accused. *Ex parte Harding*, 120 U. S. 782, 784; *In re Wilson*, 140 U. S. 575, 585; *Felts v. Murphy*, 201 U. S. 123, 129; *Matter of Moran*, 203 U. S. 96, 104, 105; *Frank v. Mangum*, 237 U. S. 309.

"Mere errors in point of law, however serious, committed by a criminal court in the exercise of its jurisdic-

tion over a case properly subject to its cognizance, cannot be reviewed by *habeas corpus*. That writ cannot be employed as a substitute for the writ of error." *Ex parte Parks*, 93 U. S. 18, 21; *Ex parte Siebold*, 100 U. S. 371, 375; *Ex parte Royall*, 117 U. S. 241, 250; *In re Frederich, Pet'r*, 149 U. S. 70, 75; *Baker* v. *Grice*, 169 U. S. 284, 290; *Tinsley* v. *Anderson*, 171 U. S. 101, 105; *Markuson* v. *Boucher*, 175 U. S. 184; *Henry* v. *Henkel*, 235 U. S. 219, 229; *Frank* v. *Mangum, supra.*

The decree of the Supreme Court of the Philippine Islands granting the writ of *habeas corpus* and discharging the prisoner must be reversed and the cause remanded to that court for further proceedings not inconsistent with this opinion.

*Reversed.*