## Ex parte RUMSEY.

(District Court, D. Kansas, First Division. February 8, 1923.)

No. 2403.

**Habeas corpus ⚖⟶96—Court cannot review judgment for errors not affecting jurisdiction.**

Whether an indictment charges a crime against the laws of the United States is a question for determination by the trial court, and any error in this decision does not affect its jurisdiction, nor render its judgment void and subject to collateral attack in habeas corpus proceedings.

At Law. Petition by Jesse C. Rumsey for writ of habeas corpus. Motion to dismiss petition granted, and writ denied.

Newton C. Gillham, of Kansas City, Mo., for petitioner.

Al. F. Williams, U. S. Atty., of Columbus, Kan., for respondent.

POLLOCK, District Judge. The petitioner, Jesse C. Rumsey, is a prisoner in the United States penitentiary at Leavenworth, Kan., and seeks relief herein by writ of habeas corpus from what he claims to be a void judgment. Petitioner was indicted and tried in the Central division of the Western district of Missouri, the charging part of the indictment reading as follows:

"* * * That on or about the 29th day of June, 1921, at Boone county, Missouri, in the Central division of the Western district of Missouri, and within the jurisdiction of this court, one Jesse C. Rumsey, then and there being, did then and there unlawfully, willfully, and feloniously assault one Clayton Bell, he, the said Clayton Bell, being then and there a person having lawful charge, control, and custody of United States mail matter, to wit, an operator and agent of the Chicago & Alton Railroad Company, at Centralia, Boone county, Missouri, with the felonious intent on the part of him, the said Jesse C. Rumsey, to then and there rob, steal, take, and carry away from the possession of the said Clayton Bell, an operator and agent of the Chicago & Alton Railroad Company, at Centralia, Boone county, Missouri, or a part thereof, then and there in the lawful charge, control, and custody of him, the said Clayton Bell, as such operator and agent of the Chicago & Alton Railroad Company, at Centralia, Boone county, Missouri, as aforesaid. contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the United States of America."

To this indictment the petitioner pleaded guilty and was sentenced to imprisonment for a term of seven years. He now contends that this judgment is void and his imprisonment illegal because the indictment simply charged him with an assault upon Bell, a custodian of mail matter, which is not a crime under the laws of the United States; on the other hand, the respondent contends that the indictment, although defectively worded, charged Rumsey with an assault upon Bell, custodian of mail matter, with the intention of stealing said mail matter.

Obviously the indictment is not clearly drawn and would no doubt be subject to a demurrer; however, the petitioner filed no such plea, but pleaded guilty and was sentenced by the trial court. In view of this situation, can he now question the sufficiency of the indictment?

⚖⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It is the well-established and controlling principle of the federal court that the question whether the act charged was a crime against the laws of the United States is a question for the trial court to decide and any error in this decision does not affect its jurisdiction nor warrant a discharge on habeas corpus. Collins v. Morgan, 243 Fed. 495, 156 C. C. A. 193; Ex parte Parks, 93 U. S. 18, 23 L. Ed. 787; In re Coy, 127 U. S. 731, 8 Sup. Ct. 1263, 32 L. Ed. 274. If the indictment charges enough to show the general character of the crime, although the trial court may erroneously hold the indictment sufficient to charge the offense, the question was within its jurisdiction, and cannot be re-examined on habeas corpus. In re Eckhart, 166 U. S. 481, 17 Sup. Ct. 638, 41 L. Ed. 1085.

While it is true no citizen may be put upon his trial for a felony in a federal court of this country, unless upon presentment to a grand jury and upon the return by that body of a true bill of indictment against him, yet what constitutes an indictment is a question of law for the determination of the trial court in the first instance; also what constitutes a valid or sufficient indictment under the statutes of our country is a question of law for the determination of the trial court. When, in any given case, one is presented to a grand jury of the country, duly impaneled in a federal court of the country, having territorial jurisdiction over the place where an act is committed, in violation of a criminal law of this country, and a true bill of indictment is by the grand jury returned, and thereunder the accused is apprehended or brought into court and appears to the charge, the court is possessed of jurisdiction to hear and determine the entire matter. And whatever ruling is made therein in pursuance of jurisdiction so obtained over the subject-matter and the person of the accused, within the limits of the law as written in the statute, may be reviewed and set aside or corrected as erroneous, but is not absolutely void and subject to collateral attack, as is attempted here in this habeas corpus proceeding. This is conclusively settled by a few adjudicated cases controlling here.

In Ex parte Parks, supra, Mr. Justice Bradley, delivering the opinion for the court, said:

"Whether a matter for which a party is indicted in the District Court is, or is not, a crime against the laws of the United States, is a question within the jurisdiction of that court, which it must decide. Its decision will not be reviewed here by habeas corpus."

In Ex parte Yarbrough, 110 U. S. 651, 4 Sup. Ct. 152, 28 L. Ed. 274, Mr. Justice Miller, delivering the opinion for the court, said:

"But it is equally well settled that, when a prisoner is held under the sentence of any court of the United States in regard to a matter wholly beyond or without the jurisdiction of that court, it is not only within the authority of the Supreme Court, but it is its duty, to inquire into the cause of commitment when the matter is properly brought to its attention, and if found to be as charged, a matter of which such a court had no jurisdiction, to discharge a prisoner from confinement. Ex parte Kearney, 7 Wheat. 38; Ex parte Wells, 18 How. 307; Ex parte Lange, 18 Wall. 163; Ex parte Parks, 93 U. S. 18. It is, however, to be carefully observed that this latter principle does not authorize the court to convert the writ of habeas corpus into a writ of error, by which the errors of law committed by the court that passed the

sentence can be reviewed here; for if that court had jurisdiction of the party and of the offense for which he was tried, and has not exceeded its powers in the sentence which it pronounced, this court can inquire no further.

"This principle disposes of the argument made before us on the insufficiency of the indictments under which the prisoners in this case were tried. Whether the indictment sets forth in comprehensive terms the offense which the statute describes and forbids, and for which it prescribes a punishment, is in every case a question of law, which must necessarily be decided by the court in which the case originates, and is therefore clearly within its jurisdiction. Its decision on the conformity of the indictment to the provisions of the statute may be erroneous, but, if so, it is an error of law made by a court acting within its jurisdiction, which could be corrected on a writ of error if such writ were allowed, but which cannot be looked into on a writ of habeas corpus limited to an inquiry into the existence of jurisdiction on the part of that court."

See, also, In re Coy, 127 U. S. 731, 8 Sup. Ct. 1263, 32 L. Ed. 274; Kohl v. Lehback, 160 U. S. 293, 16 Sup. Ct. 304, 40 L. Ed. 432; Henry v. Henkel, 235 U. S. 219, 35 Sup. Ct. 54, 59 L. Ed. 203; McMicking v. Shields, 238 U. S. 99, 35 Sup. Ct. 665, 59 L. Ed. 1220; Bechtold v. U. S. (C. C. A.) 276 Fed. 816.

It follows the question attempted to be here presented and litigated in this proceeding is one not open to consideration here. The indictment returned against petitioner was presented to the court having territorial jurisdiction, in which petitioner was arraigned and called upon to plead. The validity of the charge inheres in the judgment of conviction entered against petitioner; hence the indictment must be here held good and sufficient, because the court having that question presented to it, and having jurisdiction and power to determine its sufficiency, held it to be good. This ruling makes it good and sufficient in law, and utterly impregnable to the collateral attack here made against it by habeas corpus.

It follows the motion to dismiss the petition must be sustained, and the writ denied.

It is so ordered.

⚖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
291 F.—43