CABALLERO v. HUDSPETH, Warden.
No. 2108.

Circuit Court of Appeals, Tenth Circuit.
Aug. 30, 1940.

546

Norma L. Comstock, of Denver, Colo., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

This is an appeal from an order of the trial court denying petitioner's application for a writ of habeas corpus. On May 8, 1937, an indictment was returned against petitioner in the District Court of the United States for the District of Colorado, charging him in two counts with violation of the White Slave Traffic Act, 18 U.S.C.A. § 398. On June 7, 1937, petitioner withdrew his former plea of not guilty and entered a plea of guilty to both counts of the indictment. He was sentenced to serve a term of imprisonment of three and one-half years on each of the two counts, the sentences to run consecutively. On July 20, 1937, petitioner was delivered into the custody of the appellee.

Petitioner contends that both counts of the indictment charge but a single offense. It is his theory that no matter how many unlawful purposes he had in mind at the time he instigated the unlawful transportation, the gist of the offense is the unlawful transportation, and only one crime was committed.

18 U.S.C.A. § 398 provides: "Any person who shall knowingly transport or cause to be transported, or aid or assist in obtaining transportation for, or in transporting, in interstate or foreign commerce, or in any Territory or in the District of Columbia, any woman or girl for the purpose of prostitution or debauchery, or for any other immoral purpose, or with the intent and purpose to induce, entice, or compel such woman or girl to became a prostitute or to give herself up to debauchery, or to engage in any other immoral practice; or who shall knowingly procure or obtain, or cause to be procured or obtained, or aid or assist in procuring or obtaining, any ticket or tickets, or any form of transportation or evidence of the right thereto, to be used by any woman or girl in interstate or foreign commerce, or in any Territory or the District of Columbia, in going to any place for the purpose of prostitution or debauchery, or for any other immoral purpose, or with the intent or purpose on the part of such person to induce, entice, or compel her to give herself up to the practice of prostitution, or to give herself up to debauchery, or any other immoral practice, whereby any such woman or girl shall be transported in interstate or foreign commerce, or in any Territory or the District of Columbia, shall be deemed guilty of a felony, and upon conviction thereof shall be punished by a fine not exceeding $5,000, or by imprisonment of not more than five years, or by both such fine and imprisonment, in the discretion of the court."

Count 1 of the indictment charged that on or about the 10th day of April, 1937, petitioner did knowingly, wilfully, unlawfully and feloniously transport and cause to be transported and aid and assist in obtaining transportation for and in transporting in interstate commerce, from Omaha, Nebraska, to Denver, Colorado, one Elise Herbert, with the intent and purpose to induce, entice and compel her to engage in immoral practice, to-wit, prostitution. The second count is identical with the first, except that petitioner is charged with transporting Elise Herbert for the purpose of unlawfully cohabiting with him.

*/*

Whether a continuous transaction results in the commission of but a single offense or separate offenses is not dependent on the number of unlawful motives in the mind of the accused, but is determined by whether separate and distinct prohibited acts, made punishable by law, have been committed. In Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 714, 59 L.Ed. 1153, the Supreme Court said: "But the test is not whether the criminal intent is one and the same and inspiring the whole transaction, but whether separate acts have been committed with the requisite criminal intent and are such as are made punishable by the act of Congress."

The emphasis in § 398, 18 U.S.C.A., is upon transportation. It is made a crime to transport in interstate commerce any female person for any of the prohibited purposes set out in the section. That the gist of the offense is transportation is indicated by the pronouncement of the Supreme Court in those cases in which it has considered the act. In Hoke v. United States, 227 U.S. 308, 320, 33 S.Ct. 281, 283, 57 L.Ed. 523, 43 L.R.A., N.S., 906, Ann.Cas. 1913E, 905, the court said: "What the act condemns is transportation obtained or aided, or transportation induced, in interstate commerce, for the immoral purposes mentioned."

In Athanasaw v. United States, 227 U.S. 326, 332, 33 S.Ct. 285, 287, 57 L.Ed. 528, Ann.Cas.1913E, 911, the Supreme Court stated that: "The language of the statute is directed against the transportation 'of any woman or girl for the purpose of prostitution or debauchery, or for any other immoral purpose * * *.'"

In Wilson v. United States, 232 U.S. 563, 571, 34 S.Ct. 347, 350, 58 L.Ed. 728, the court again had under consideration this statute, and said: "It is argued that the end and object of the act is to prevent immorality and trafficking in girls, and not the mere act of transportation. But we think that by the plain language of the statute, the offense is complete when 'any such woman or girl shall be transported in interstate or foreign commerce, or in any Territory or the District of Columbia' as a result of any of the criminal acts previously described."

In Roark v. United States, 17 F.2d 570, 573, 51 A.L.R. 870, the Eighth Circuit held that the transportation for a prohibited purpose constituted the crime and that one transportation constituted but a single of-

fense, whether the defendant had in mind one or more than one of the unlawful purposes enumerated.

It seems clear that what is prohibited is the transportation in interstate commerce of any female person for any of the interdicted purposes. One transportation constitutes but a single offense, whether the accused had in mind one or more of the prohibited purposes.

Appellee asserts that the decision in this case is controlled by the recent decision of this court in Rosenhoover v. Hudspeth, 10 Cir., 112 F.2d 667, decided May 23, 1940. The Rosenhoover case is distinguishable from the instant case. There the indictment charged the defendant in two separate counts with transporting lottery tickets in interstate commerce on the same date. We held that while the counts charged the offenses as having been committed on the same date, the government could prove the offense in the second count on any date within three years from that laid in the indictment, and that therefore it could not be said as a matter of law that the two counts charged but a single offense.

From the present indictment, it clearly appears that it was the intention to charge two separate crimes under the statute, arising from one transportation; first, the crime of transporting for prostitution, and a second crime of transporting with intent to cohabit. The government does not contend that the indictment is to be construed as stating two separate transportations, but admits that the intent was to charge two crimes arising from one transportation.

The two counts of the indictment stating but a single offense, it follows that petitioner suffered double jeopardy under the sentence of the court.

The question of double jeopardy may not, however, be raised by petitioner in the present proceeding. On June 7, 1937, petitioner withdrew his former plea of not guilty and entered a plea of guilty to both counts of the indictment. No objection was raised at any stage of the proceedings to the sentence of the court. The right to not be placed in jeopardy twice for the same offense is a personal right. It is an immunity granted to the citizen by our constitution, and may be waived. The plea of guilty by the defendant constituted a waiver of this right. At no stage of the pro-

548

ceedings did he assert this constitutional guarantee. The defense may not now be raised for the first time by writ of habeas corpus. Brady v. United States, 8 Cir., 24 F.2d 399; Curtis v. United States, 10 Cir., 67 F.2d 943; United States ex rel. Poch v. Hill, 3 Cir., 71 F.2d 906, 907; Bracey v. Zerbst, 10 Cir., 93 F.2d 8.

■ It only remains to consider whether other grounds for the exercise of the writ of habeas corpus exist. On habeas corpus the only defects that may be challenged are those which affect the jurisdiction of the court pronouncing sentence. If the court has jurisdiction of the subject matter and of the defendant and has power to impose the sentence which was imposed, its judgment may not be attacked in a habeas corpus proceeding. The writ cannot be employed as a substitute for an appeal. Errors of law, even though they be serious, committed by the trial court in the process of a trial, in the exercise of its jurisdiction over a case properly before it, may not be reviewed by habeas corpus. Bowen v. Johnston, 306 U.S. 19, 59 S.Ct. 442, 83 L. Ed. 455; McMicking v. Schields, 238 U.S. 99, 35 S.Ct. 665, 59 L.Ed. 1220; Buckner v. Hudspeth, 10 Cir., 105 F.2d 396.

Here the court had jurisdiction of the subject matter and of the defendant. Both counts of the indictment stated an offense. It clearly appears that it was the intent and purpose of the government to charge separate and distinct offenses. Count 1 charged petitioner with transporting the woman in interstate commerce for prostitution. Count 2 charged him with transporting her for unlawful cohabitation with him. This is therefore not a case where the two counts are identical and on the face state but a single offense. It became necessary for the court to determine whether the two counts stated the same offense or separate and distinct offenses. By its judgment and sentence the court concluded that the counts stated separate offenses. In this the court was wrong, as we have held, but it was an error of law and did not deprive the court of jurisdiction of the subject matter. Petitioner had the right to challenge the correctness of the court's ruling by appeal. This he failed to do, and may not now challenge the correctness of that ruling for the first time by writ of habeas corpus.

The decision of the trial court is affirmed.