**LACEWELL v. HIATT, Warden.**

No. 12642.

United States Court of Appeals
Fifth Circuit.

April 20, 1949.

No appearance for appellant.

Col. Eugene M. Caffey, J. A. G. D., Hq. 3rd Army, and Lt. Col. H. M. Peyton, both of Fort McPherson, Ga., and J. Ellis Mundy, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before HOLMES, McCORD, and WALLER, Circuit Judges.

PER CURIAM.

Petitioner, a private in the United States Army, while stationed on the island of Okinawa was convicted jointly with two other soldiers by a General Court-Martial of the offense of rape upon an Okinawan woman. He was sentenced to be hanged, which sentence was later commuted by the President to twenty five years imprisonment, and thereafter again reduced to fifteen years.

In his petition for a writ of habeas corpus, petitioner contends that his court-martial convicted him of rape without any evidence in support of the crime charged, since it is without dispute that he never actually effected penetration of the female involved.

A careful examination of the record of his trial discloses that petitioner unlawfully participated in a joint venture with two other accomplices to rape the victim, and that each of his cohorts effected penetration of the victim, whereas he tried but was unable to do so. The legal question of whether in a joint venture the acts of each accomplice may be imputed to the others was fully considered by the Board of Review, Office of the Judge Advocate General, wherein it was held:

"It is shown that accused Lacewell did not effect a penetration of the body of Gusiken Tsuru, although he made an effort to do so. * * *

"The entire evidence, including the unsworn statement of accused Lacewell, discloses a joint venture by the three to indulge in sexual intercourse. At no time was there a termination of this joint venture and the acts of each are imputed to the others. * * *

"All three are equally liable as principals inasmuch as the distinction between principals and accessories has been abolished by statute. Sec. 332, Fed. Crim. Code, 18 U.S.C. § 550 [now § 2]; CM 320489, * * *"

We concur in the above finding that petitioner was clearly a principal in the commission of the offense, as the rape committed by his two accomplices while all were participating in a joint venture is legally imputable to petitioner, as his court-martial found. In any event, habeas corpus does not lie to inquire into the sufficiency of the evidence, or to determine whether there is any evidence to support the court's finding of guilt. Telfian v. Sanford, 5 Cir., 161 F.2d 556; Harlan v. McGourin, 218 U.S. 442, 31 S.Ct. 44, 54 L.Ed. 1101, 21 Ann.Cas. 849. See also, In re Gregory, 219 U.S. 210, 213, 214, 31 S.Ct. 143, 55 L.Ed. 184; McMicking v. Schields, 238 U.S. 99, 35 S.Ct. 665, 59 L.Ed. 1220; Caballero v. Hudspeth, 10 Cir., 114 F.2d 545.

Other contentions of petitioner are wholly without merit. It follows that the judgment of the district court denying the application for a writ of habeas corpus should be, and the same is hereby affirmed.