**UNITED STATES of America,
Plaintiff,**

v.

**Charles E. WALKER, Defendant.
Crim. No. 24499.**

United States District Court
S. D. California, S. D.
May 27, 1955.

Albert E. Walkoe, San Diego, Cal., for petitioner.

Laughlin E. Waters, U. S. Atty., Los Angeles, Cal., by Harry E. Steward, Asst. U. S. Atty., San Diego, Cal., for United States.

WEINBERGER, District Judge.

The defendant was tried before a jury, found guilty and on September 3, 1954, sentenced to two years imprisonment, committed to the custody of the Attorney General for the purpose of said imprisonment, and since September 3, 1954 has been serving said sentence.

The indictment in this case reads as follows:

| | |
|---|---|
| "United States of America,<br>Plaintiff,<br>v.<br>Charles E. Walker,<br>Defendant. | No. 24499–SD<br>Indictment<br>(U.S.C., Title 18, Sec. 545–<br>Concealment of merchandise<br>after illegal importation) |

The grand jury charges:

On or about May 27, 1954, in San Diego County, California, within the Southern Division of the Southern District of California, defendant Charles E. Walker did knowingly receive, conceal, and facilitate the transportation and concealment, after importation, of certain merchandise, namely: 31 parrots as follows: 28 Petz Conures, 2 white fronted Amazons, and 1 Alexandrine parakeet, which said merchandise, as the defendant then and there well knew, theretofore had been imported and brought into the United States contrary to law.

A True Bill
/s/ Thomas J. Gannon
Foreman

/s/ Laughlin E. Waters
Laughlin E. Waters,
United States Attorney

On April 27, 1955, defendant moved to vacate the judgment and to be released from confinement. Said motion was

brought under the provisions of Section 2255 of Title 28, U.S.C.A., and alleges that the "indictment was fatally defective and therefore could not confer jurisdiction of the subject matter upon the above-entitled Court, thus making the judgment in this matter and the confinement of the defendant pursuant thereto null and void, and (2) that the indictment charging the defendant failed to apprise him of the nature of the offense with which he was charged and therefore his confinement resulting from the judgment of the court herein was a deprivation of liberty without due process of law, contrary to the 14th amendment of the United States Constitution."

At the request of counsel for the Government the hearing was postponed for the filing of briefs. The motion presented no controverted issues of fact. The records and files of this matter showed that petitioner's presence was not necessary at the hearing on his motion, nor did he request to be present. After the filing of briefs, the motion was argued by counsel for petitioner, and by counsel for the United States, and the Court denied the motion.

Petitioner contends that the phrase in the indictment "contrary to law" did not sufficiently inform him of the law which was violated when the birds mentioned in said indictment were brought into the United States, and thus did not apprise him of the nature of the offense with which he was charged. If the indictment is subject to this criticism, a consideration of the background of the defendant, the events leading to his arrest and the facts developed at the trial show clearly that defendant was in no way prejudiced by such deficiency, and leaves no ground whatever to suppose that the accused was taken by surprise in the progress of the trial or that he was in any doubt, at any time, as to the precise nature of the offense charged. The present counsel for petitioner represented him at all times during the trial and subsequent proceedings, and at no time prior to this motion made mention of any defect in the indictment; neither has counsel, during the hearing of this motion, pointed out that defendant was in any way hampered in his defense by any lack of information in the indictment.[1]

The records of this Court show that the conviction here attacked was petitioner's second conviction within a period of little over a year. In the earlier case, No. 22891, petitioner and a a number of codefendants were found guilty, after a lengthy jury trial, of three counts of an indictment. Count 1 charged conspiracy to violate Section 545 of Title 18 U.S.C.A. by smuggling into the United States psittacine birds from Mexico, Count 10, bringing in psittacine birds from Mexico contrary to law, and Count 11, that the defendants "did knowingly receive, conceal and facilitate the transportation and concealment, after importation, of certain merchandise, namely, a certain number of birds belonging to the psittacine family, the exact number of which is to the Grand Jury unknown, as the defendants then and there well knew, theretofore had been imported and brought into the United States contrary to law."

At the time of sentence (in the earlier case) the Court (Judge Gus J. Solomon presiding) rendered an opinion wherein it was stated, in part:

"In this case, the defendants were in no doubt as to the particular offenses charged nor were they prejudiced in the preparation of their defense. Defendants made no motion for a bill of particulars at any time. Further defendants offered no direct evidence tending to prove that the acts had not been committed by them as charged in the indictment but merely denied the commission of these acts. * * *

---

1. Defendant's counsel was appointed because of the indigence of the defendant and has served assiduously and conscientiously without compensation. He deserves the commendation of the Court for such services.

"The world wide scope of the defendants' organization and the operation of the conspiracy was shown not only by the documentary evidence but also by numerous witnesses, who testified as to conversations with the defendants and admissions by defendants as to the nature and scope of their activities. They also described the 47 methods used in smuggling birds across the international boundary between the United States and Mexico, in transporting the birds in the United States to aviaries and resting places owned by defendants or to retail bird dealers. This and other evidence of the activities of the defendants were described by the employees of the Treasury Service, the Department of Agriculture and Bureau of Customs, by local police officers, former employees and business associates of the defendants and by social acquaintances."

In the earlier case the defendant Walker was, on November 10, 1953, sentenced to four years imprisonment on Count 1, the sentences on the other counts to run concurrently with the sentence in the first count, and to pay a $2,500 fine.

A notice of appeal was filed, and pursuant to order of the Court of Appeals for this Circuit the defendant was admitted to bail on December 1, 1953.

Six months after being admitted to bail pending appeal on the first case, the defendant committed the offense charged in the indictment now under attack.

At the trial in this case, evidence was offered on behalf of defendant to the effect that he had lived in Mexico for years and had made his living importing, legally, birds and animals into the United States; the Government's evidence showed that the birds which the defendant was charged with having concealed etc., and had concealed, had been "smuggled" in from Mexico with the knowledge of defendant and at his instigation; that they were of the psittacine variety which had not been legally imported in this district for over five years; that

they were of the type which could not be legally imported except for a zoological park or a research institution, under a permit from the Surgeon General of the United States, even though they had been declared at a port of entry to customs officials. Three customs officers testified that when the defendant was found in possession of the birds he stated that the reason he broke the law a second time was because he was badly in need of money after his first trial and conviction. The jury was fully instructed as to the meaning of "contrary to law" and that the knowledge of the defendant as to the illegal importation was a necessary element.

■ It has been said by our Ninth Circuit Court of Appeals in Sepulveda v. Squier, 1951, 192 F.2d 796, 798, that where the attack is collateral in nature a petitioner may not be heard to complain of the form of the indictment unless he can show that he suffered prejudice from it.

None has been suffered.

We now pass to the contention that the indictment stated no offense, and conferred no jurisdiction upon the Court, and that the judgment was therefore null and void.

Petitioner has cited only one case in support of his motion, that of Babb v. United States, 5 Cir., 1955, 218 F.2d 538. Count 5 of the indictment in that case was similar to the indictment here, except that the "merchandise" was "Charolaise Cattle". At page 540 of its opinion, the Court of Appeals of the Fifth Circuit considered the case of Keck v. United States, 172 U.S. 434, 19 S.Ct. 254, 43 L.Ed. 505, where the Supreme Court held that an indictment for importing diamonds "'contrary to law'" did not state an offense.

We are not familiar with the type of cattle involved in the indictment and do not have at hand the regulations mentioned by the Court in the Babb case, but we do feel that there is a point of differentiation between the case of Keck v. United States, supra, and the matter

before us. In one of the cases cited in the Babb case, Miller v. United States, 300 F. 529, 533, the opinion of the Court of Appeals of the 6th Circuit says:

"Cases of which Keck v. United States, 172 U.S. 434, 19 S.Ct. 254, 43 L.Ed. 505, is typical, and which hold an indictment insufficient because it merely states a general fact in the words of the statute, do not apply to the situation existing under the National Prohibition Act [41 Stat. 305]. They refer to some act like importation of merchandise, which is presumptively lawful, and therefore the indictment must show the details which make the act unlawful. Not so with the sale of intoxicating liquor. It is lawful only if exceptional circumstances exist".

In the case at bar, the "merchandise" was described, and consisted of psittacine birds; the fact that these birds transmit parrot fever to human beings is so widely known as to well nigh constitute the birds international outlaws; their importation is lawful only under "exceptional circumstances." It cannot be said that their importation is "presumptively lawful."

We do not believe, however, that the indictment before us should be subjected to the same scrutiny as indictments which are considered on appeal or writ of error, but rather, should be tested by applications of the principles which govern writs of habeas corpus.

Section 2255 of Title 28 U.S.C.A. provides in part:

" * * * If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside * * *."

The sole purpose of Section 2255 of Title 28 was "to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum." United States v. Hayman, 342 U.S. 205, 219, 72 S.Ct. 263, 272, 96 L.Ed. 232. The grounds for a motion under Section 2255 are limited to matters which may be raised on collateral attack, and the Section is not intended to confer a right more broad than might be urged on application for a writ of habeas corpus. Palakiko v. Harper, 9 Cir., 1953, 209 F.2d 75, 80; Kreuter v. U. S., 10 Cir., 1952, 201 F.2d 33, 35; U. S. v. Rosenberg, 2 Cir., 1952, 200 F.2d 666, 668, certiorari denied 345 U.S. 965, 73 S.Ct. 949, 97 L.Ed. 1384; Keto v. U. S., 8 Cir., 1951, 189 F.2d 247, 249; Smith v. U. S., 1950, 88 U.S.App.D.C. 80, 187 F.2d 192, 195; Hahn v. U. S., 10 Cir., 1949, 178 F.2d 11, 12.

Neither Section 2255 nor the remedy of the writ of habeas corpus may be used as a substitute for appeal. Ex parte Parks, 93 U.S. 18, 21, 23 L.Ed. 787; Henry v. Henkel, 235 U.S. 219, 229, 35 S.Ct. 54, 59 L.Ed. 203; McMicking v. Schields, 238 U.S. 99, 107, 35 S.Ct. 665, 59 L.Ed. 1220; Daniels v. Allen, 4 Cir., 1951, 192 F.2d 763, 766.

The fact that petitioner has permitted the time within which an appeal could be filed to lapse gives no right to resort to habeas corpus as a substitute. Goto v. Lane, 265 U.S. 393, 402, 44 S.Ct. 525, 68 L.Ed. 1070; Daniels v. Allen, 4 Cir., 1951, 192 F.2d 763, 766.

In Goto v. Lane, 1924, 265 U.S. 393, 401, 402, 44 S.Ct. 525, 527, 68 L.Ed. 1070, the Supreme Court observed:

"In the federal courts a discharge on habeas corpus of a prisoner held to answer a criminal accusation or confined under a judgment of conviction is granted only in the exercise of a sound judicial discretion. Salinger v. Loisel, 265 U.S. 224, 44 S.Ct. 519, 68 L.Ed. [989]; Storti v. Massachusetts, 183 U.S. 138, 143, 22 S.Ct. 72, 46 L.Ed. 120. The

remedy is an extraordinary one, out of the usual course, and involves a collateral attack on the process or judgment constituting the basis of the detention. The instances in which it is granted, when the law has provided another remedy in regular course, are exceptional and usually confined to situations where there is peculiar and pressing need for it or where the process or judgment under which the prisoner is held is wholly void.

"This case does not measure up to that test. The circuit court in which the petitioners were tried and convicted undoubtedly had jurisdiction of the subject-matter and of their persons, and the sentence imposed was not in excess of its power. The offense charged was neither colorless nor an impossible one under the law. The construction to be put on the indictment, its sufficiency and the effect to be given to the stipulation were all matters the determination of which rested primarily with that court. If it erred in determining them, its judgment was not for that reason void. (Ex parte Watkins, 3 Pet. 193, 203, 7 L.Ed. 650; Ex parte Parks, 93 U.S. 18, 20, 23 L.Ed. 787; Ex parte Yarbrough, 110 U.S. 651, 654, 4 S. Ct. 152, 28 L.Ed. 274), but subject to correction in regular course on writ of error. If the questions presented involved the application of constitutional principles, that alone did not alter the rule. Markuson v. Boucher, 175 U.S. 184, 20 S.Ct. 76, 44 L.Ed. 124."

In Telfian v. Johnston, 1941, 122 F.2d 346, the Court of Appeals of the Ninth Circuit said:

"The court rendering the judgment complained of had jurisdiction of the class of crimes of which the second count is an example. 28 U.S. C.A. § 41(2). The statute upon which the second count was based, is not urged to be unconstitutional. The sole point is that the indictment fails to allege a crime. That question was one which the court rendering the judgment had authority to determine. Under these circumstances, no inquiry will be made into such question on habeas corpus." Citing Knewel v. Egan, 268 U.S. 442, 446, 45 S.Ct. 522, 69 L.Ed. 1036 and other cases.

To similar effect is the pronouncement of the Court in Farnsworth v. Zerbst, 5 Cir., 1938, 98 F.2d 541, 543:

"(8-11) The indictment is sufficient to support the sentence. What are the essentials of the crime sought to be charged and whether they have been sufficiently set forth in the accusation are questions for the trial court, and because of the review of the record which the judge is obliged to make before pronouncing sentence, they are adjudicated when he sentences. They are ordinarily not reviewable on habeas corpus. Aderhold v. Hugart, 5 Cir., 67 F.2d 247. The habeas corpus court can say that no crime was charged and consequently the imprisonment is unlawful only when it is plain that there is no law to punish the sort of conduct charged."

In Knight v. Hudspeth, 1940, 112 F.2d 137, at page 139, the Tenth Circuit Court of Appeals has spoken in similar vein:

"(3) It is well settled that defects in an indictment, not going to the jurisdiction of the court which pronounced sentence, may not be raised on habeas corpus. Hence, on habeas corpus the question is not whether the indictment is vulnerable to direct attack by motion or demurrer, but whether it is so fatally defective as to deprive the court of jurisdiction. (Citing cases in note.)

"(4) If there is a federal offense which the indictment apparently attempts to charge, and the court has jurisdiction over such offense and over the person of the accused, the sufficiency of the indictment is not open to challenge on habeas corpus. (Citing cases in note.)

"(5) The elements of the offense sought to be charged, the construction to be put on the indictment, and its sufficiency were all matters the determination of which rested primarily with the trial court. If it erred in determining them, its judgment was not for that reason void." (Citing cases in note.)

See also: Stewart v. Johnston, 9 Cir., 1938, 97 F.2d 548, 549; Kreuter v. U. S., 10 Cir., 1952, 201 F.2d 33, 35; Barnes v. Hunter, 10 Cir., 1951, 188 F.2d 86, 88; Hahn v. U. S., 10 Cir., 1949, 178 F.2d 11, 12; U. S. ex rel. Gallivan v. Hill, 3 Cir., 1934, 70 F.2d 840, 841.

When an indictment is ruled to be "fatally defective" in a case where the defect is considered on a motion to dismiss, or on appeal or writ of error, it is difficult to apply such a ruling to an indictment on a motion under Section 2255 of Title 28 U.S.C.A., or an application for writ of habeas corpus, unless the full extent of the "fatality" is by the ruling, likewise determined and explained. In the case of Franklin v. Biddle, 1925, 5 F.2d 19, 20, 21, the Court of Appeals of the Eighth Circuit, said, of an application for habeas corpus:

"(1) The question in this case, however, is not the sufficiency of the indictment against Mr. Franklin against a direct attack by demurrer or motion in the trial court; it is its sufficiency to invoke the exercise of the jurisdiction of the court in California which tried him to decide, if it had been requested by the defendant in the proper time so to do, whether or not that indictment was sufficient to require him to stand trial thereunder. And the test of jurisdiction is not right decision but the right to enter upon the inquiry and make some decision. * * *

* * * * * *

"(4, 5) * * * If any error was committed relevant to this fact at the trial in the court in California, that error cannot be reviewed in this proceeding. A writ of habeas corpus cannot be made to perform the office of a writ of error. It is available only to relieve a prisoner from the restraint imposed by a judgment or order that is absolutely void on the ground that the court was without jurisdiction to render it. In re Debs, 158 U.S. 564, 600, 15 S.Ct. 900, 39 L.Ed. 1092; In re Nevitt, 8 Cir., 117 F. 448, 449, 54 C.C. A. 622."

In a later case, the Court of Appeals of the Fifth Circuit observed, with reference to habeas corpus applications, in Aderhold v. Hugart, 1933, 67 F.2d 247, 248, certiorari denied 291 U.S. 676, 54 S.Ct. 528, 78 L.Ed. 1065:

" * * * In the latter, if there is such a class of crimes as the indictment apparently attempts to charge, and the court had jurisdiction over such crimes and over the person of the accused, the question of the sufficiency of the indictment to charge an offense cannot be raised or reviewed on habeas corpus. Knewel v. Egan, 268 U.S. 442, 446, 45 S.Ct. 522, 69 L.Ed. 1036. The trial court has power to determine, subject to orderly appeal, what the elements of the offense are and what the indictment should allege, and it ends inquiry about such things by deciding them."

 It is of course a crime to bring merchandise into the United States without declaring it at a port of entry, and it is a crime to bring psittacine birds into the United States except under certain "exceptional conditions" imposed by statute and regulations; under either or both of these situations, the merchandise (psittacine birds) is brought in "contrary to law". And, the knowledge of a defendant of the illegal importation makes the crime of concealing, etc. such merchandise. It is elementary that a District Court of the United States has jurisdiction to try such crimes, and there can be no doubt that in the case at bar the trial court had jurisdiction of the person of the defendant. In the light of

the cases above cited, this inquiry should be ended here.

We believe, however, that further mention of jurisdiction should be made. In U. S. v. Williams, 1951, 341 U.S. 58, 66, 68, 71 S.Ct. 595, 95 L.Ed. 747, the Supreme Court considered whether perjury could have been committed in a case where it had ruled that the indictment did not state an offense. U. S. v. Williams, 341 U.S. 70, 71 S.Ct. 581, 95 L.Ed. 758. At page 68 of 341 U.S., at page 600 of 71 S.Ct. of the Williams opinion first mentioned, Mr. Justice Reed, on behalf of the Court, stated:

> "One can find inconsistent and indeed conflicting rulings among the cases, even from the same jurisdictions, perhaps attributable to the use use of the word 'jurisdiction' in the heterogeneous situations that occur. The line is narrow and often wavering between errors in the proceedings and lack of jurisdiction. * *

> "Where a federal court has power, as here, to proceed to a determination on the merits, that is jurisdiction of the proceedings. The District Court has such jurisdiction. *Though the trial court or an appellate court may conclude* that the statute is wholly unconstitutional, or *that the facts stated in the indictment do not constitute a crime* or are not proven, *it has proceeded with jurisdiction* and false testimony before it under oath is perjury." (Emphasis supplied.) See also, Lamar v. United States, 240 U.S. 60, 65, 36 S.Ct. 255, 60 L.Ed. 526.

■ We do not make here, nor are we required to make for the purposes of this motion, a finding whether the indictment was sufficient to withstand an attack by a motion to dismiss during the proceedings prior to sentence. In Barlos v. White, 8 Cir., 27 F.2d 313, 314 we find an opinion which does not seem to have been questioned. The indictment charged that the defendant knowingly concealed certain drugs knowing that they had been imported " 'contrary to law' ";

the drugs were derivatives of morphine, coca leaves and cocaine, all of which drugs can, we believe, be imported legally, under "exceptional circumstances". The Court there did not base its opinion on the premise of cases such as Wong Lung Sing v. U. S., 9 Cir., 3 F.2d 780, Lee Tung v. U. S., 9 Cir., 7 F.2d 111 where the drug was one of which any importation under any conditions would be " 'contrary to law,' " but stated:

> "Certainly the indictment was not absolutely void as to count 5. If the indictment was not sufficiently specific, that was a question for the trial court to pass on. No demurrer or motion was filed to the indictment, and its sufficiency was in no way questioned. The charges were not colorless or impossible, and every question here presented as to any of the counts of the indictment could have been presented and determined in the trial court. That court had jurisdiction of defendant and of the alleged offense. The sentence was not beyond its power. The petitioner is not restrained of his liberty in violation of the law. This is merely another of the numerous cases in which the effort is made to substitute habeas corpus for writ of error. It is a work of supererogation to continue to assert what the federal courts have said over and over again on this question." Citing Knewel v. Egan, 268 U.S. 442, 45 S. Ct. 522, 69 L.Ed. 1036, and other cases.

In our denial of the motion, we are in accord with the sentiments expressed by Chief Judge Joseph Hutcheson in Parsons v. United States, 5 Cir., 189 F.2d 252, 253, where an indictment was considered on appeal:

> "(2) The cynically technical approach which formerly enshrouded the consideration of even the plainest and simplest indictments, and, in many instances, made a mockery of simple justice, no longer governs their consideration.

"On the contrary, the trial court and this court are enjoined to, and do, examine into, and determine, the validity of attacks upon indictments, especially of this kind, from the broad and enlightened standpoint of common sense and right reason rather than from the narrow standpoint of petty preciosity, pettifogging, technicality or hair splitting fault finding."

In addition, we find particularly applicable to this proceeding under Section 2255 of Title 28 U.S.C.A. the words of Circuit Judge Stephens of our Ninth Circuit Court of Appeals:

"It may be well to state that the great writ of habeas corpus is not intended as a swinging gate of jail delivery whose latch may be tripped by every fine technicality." Pyle v. Johnston, 137 F.2d 869, 870.