### UNITED STATES ex rel. McCLELLAN v. HUMPHREY.

No. 9979.

United States Court of Appeals Third Circuit.

Submitted Dec. 5, 1949.

Decided April 6, 1950.

---

John D. McClellan, pro se.

Arthur A. Maguire, Scranton, Pa., Charles W. Kalp, Lewisburg, Pa., Reginald C. Miller, Allen R. Browne, Washington, D. C., for appellee.

Before BIGGS, Chief Judge, and O'CONNELL and KALODNER, Circuit Judges.

BIGGS, Chief Judge.

All points raised by the appellant, the petitioner John D. McClellan, are fully covered in the able opinion of Judge Follmer in the court below, 83 F.Supp. 510, save those relating to the manner in which the court martial which tried the appellant was constituted. We will deal with these issues now.

The petitioner contends that Captain Bernard J. Dyla was not properly a member of the court martial which tried him on July 25 and 26, 1946, because no *written* order had been made by or on behalf of the Commanding General, Headquarters Western Base Section, United States Forces, European Theatre, detailing Dyla as a member of the court martial. There had, however been a "verbal" order made by the Commanding General on July 25, 1946, detailing Dyla to the court martial. It appears from the record of the trial that on July 30, 1946 a written order was made by the Acting Chief of Staff by command of the Commanding General confirming the "verbal" order. The written order referred to states that the " * * * exigencies of the service * * * [were] such as to prevent issuance of [written] orders in advance." The "verbal" order alone would have been sufficient under the circumstances. But in any event it was followed by a written order. The point raised is without merit.

The petitioner asserts also that the court martial was illegally constituted and did not possess the jurisdiction to try

him because no law member, an officer of the Judge Advocate General's Department, was appointed to the court when such an officer was available, as required by the 8th Article of War, 41 Stat. 788, 10 U.S.C.A. § 1479. It would appear that there was a law member on the court and that he was not a member of the Judge Advocate General's Department. Major Benito Gaguine was a member of the Judge Advocate General's Department but was detailed the assistant trial judge advocate. The decision of the Supreme Court in Hiatt v. Brown, U.S., 70 S.Ct. 495, 498, disposes completely of the petitioner's contentions that the court martial was without jurisdiction to proceed with the trial for it was held that the designation of a member of the Judge Advocate General's Department as an assistant trial judge advocate did not indicate that he was "available" within the meaning of the 8th Article of War.* The cited case rules this point, the Supreme Court having held that the availability of an officer to serve on a court martial is a question which lies within the discretion of the commanding general. Clearly, under the cited decision the court martial was not constituted in violation of the 8th Article of War and suffered from no jurisdictional defect.

 It should be observed that in Hiatt v. Brown the Supreme Court, albeit in disposing of points not concerned with constituting the court martial which tried Brown, reiterated the doctrine of limitation of the supervisory or correcting power of civil courts over proceedings conducted by a court martial. The Supreme Court said: "It is well settled that 'by habeas corpus the civil courts exercise no supervisory or correcting power over the proceedings of a court-martial * * * The single inquiry, the test, is jurisdiction.' In re Grimley, 1890, 137 U.S. 147, 150, 11 S.Ct. 54, 34 L.Ed. 636. In this case the court-martial had jurisdiction of the person accused and the offense charged, and acted within its lawful powers. The correction of any errors it may have committed is

for the military authorities which are alone authorized to review its decision. Application of Yamashita, 1946, 327 U.S. 1, 8-9, 66 S.Ct. 340, 90 L.Ed. 499; Swaim v. United States, supra, 165 U.S. 553, at page 562, 17 S.Ct. 448, 41 L.Ed. 823." In view of the foregoing no area of supervision or correction lay in the court below.

The petitioner has moved to strike out the affidavit of Major Kenneth J. Hodson filed in this court on December 2, 1949 and certain other papers which are in the nature of additional briefs filed by the respondent. The motion will be granted insofar as the Hodson affidavit is concerned for this court is without power to receive evidence. The motion will be denied insofar as it related to the additional briefs filed by the respondent, on the authority of Black & Yates v. Mahogany Ass'n, 3 Cir., 129 F.2d 227, 237, 148 A.L.R. 841.

The judgment of the court below will be affirmed.

Judge O'Connell was a member of the court to which this case was submitted but died before a decision was reached.

---

* Note that there were substantial amendments to Article 8 in 1948, 62 Stat. 628–629, not here pertinent.