UNITED STATES of America ex rel.
Eugene WRIGHT

v.

David N. MYERS, Warden State Peniten-
tiary, Graterford, Montgomery Coun-
ty, Pennsylvania.

No. M-1757.

United States District Court
E. D. Pennsylvania.
June 28, 1956.

Herman I. Pollock, Philadelphia Vol-
untary Defender, and Benjamin H. Read,
Assistant Voluntary Defender, Philadel-
phia, Pa., for petitioner.

Albert H. Aston, Dist. Atty. of Lu-
zerne County, and R. J. Hourigan, Asst.
Dist. Atty., Wilkes Barre, Pa., for re-
spondent.

CLARY, District Judge.

This is a petition by relator, Eugene
Wright, for writ of habeas corpus, filed
on April 5, 1956. On April 10, 1956 this
Court granted a rule upon respondent to
show cause why the writ should not is-
sue, returnable May 1, 1956. At the
request of the court, the Voluntary De-
fender of Philadelphia represented re-
lator at the hearing held on May 1st. A
reply was filed by the District Attorney
of Luzerne County, who appeared at the
hearing as counsel for respondent, David
N. Myers, Acting Warden, State Peniten-
tiary at Graterford, Pennsylvania.

In his petition relator alleges that in
violation of his constitutional rights he
was arrested without a warrant and un-
duly detained before he was given a pre-
liminary hearing; that he entered his
pleas and was sentenced behind closed

doors; that his conviction and sentences were brought about by cruel and unusual physical torture; that he had been forced to confess to crimes he did not commit; that he had unwittingly waived the right to be represented by counsel and was thus deprived of due process of law, and finally that the sum total of his treatment at the hands of the police officers and prosecuting officials was such as to deny him rights guaranteed under the Constitution of the United States.

The District Attorney filed, as an exhibit in the present case, the record of the trial in the Luzerne County Court, at which relator pleaded guilty and was sentenced, as well as the complete record of habeas corpus proceedings in the Common Pleas Court of Luzerne County, held on April 20, 1954. An appeal was taken from an adverse decision of that court to the Superior Court of Pennsylvania; Commonwealth ex rel. Wright v. Day, 1955, 178 Pa.Super. 337, 115 A.2d 398, which court affirmed the action of the County Court in dismissing the writ. An appeal to the Supreme Court of Pennsylvania followed, in which relator was denied relief, and on January 9, 1956, the Supreme Court of the United States denied Wright's petition for a writ of certiorari. Wright v. Commonwealth of Pennsylvania, 350 U.S. 942, 76 S.Ct. 319. Despite all adverse findings of fact in the State Court, the relator in this proceeding testified in full detail and reiterated every allegation which he had made in the Luzerne County Court.

▬ It will serve no useful purpose to prolong this opinion by a recital of the facts of the case since they are set out in extenso in the Per Curiam opinion of the Superior Court of Pennsylvania in the case of Commonwealth ex rel. Wright v. Day, supra. Every fact averred by the relator in that proceeding was found by the court to be completely false. The only additional evidence offered by the relator at the hearing in this court was that of a fellow convict whom he "chanced to meet" in the prison yard a few days before the date of the hearing and who "remembered" that the relator had been injured in a battle with the police while in jail. That relator was so injured while in jail is clearly evident from the opinion of the Superior Court. The State Court on competent evidence found that the personal injury had been justifiably inflicted upon relator when he attempted to escape from jail. The effect of this further testimony, therefore, was merely cumulative and did not touch the real merits of the case.

▬ What the relator here is attempting to do is to obtain a de novo trial of the identical issues submitted to the State Court. While under the decisions in Darr v. Burford, 1950, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761, and United States ex rel. Kennedy v. Burke, 3 Cir., 1949, 173 F.2d 544, the action of the State Court is not res judicata, the ruling of the State Court is entitled to consideration and respect if the relator was afforded a real opportunity to present his case in that forum. A careful review of the transcript of the notes of testimony taken at relator's trial, his later statements to the District Attorney, and the full hearing on the petition for writ of habeas corpus, reveals that the primary question confronting the Trial Judge was the veracity of the relator. The police officers, the Justice of the Peace, and all persons involved in the relator's activities, from the time of the issuance of the warrant prior to his arrest down to the time of sentence, testified in detail and were subjected to skillful cross-examination by competent counsel then representing the relator. The weight of the evidence was overwhelmingly against the allegations of the relator and was so determined by the court. I see no reason why this Court should attempt to redetermine constitutional issues, the merits of which have already been passed upon by a state tribunal of competent jurisdiction. Relator has had a full and fair hearing before a State Court charged with the duty of protecting rights of an accused under both the Constitution of Pennsylvania and the United States. Violation of these rights under the Pennsylvania Constitution, or the Constitu-

tion of the United States, if found by the court, would have entitled the relator to relief. The court, however, found against the relator *on the facts*. The challenge here is the same as in the State Court, namely, that the court lost jurisdiction because of alleged violations of constitutional rights. I do not feel that sound discretion requires this Court to duplicate the record made in the State Court in order to determine that issue. I have examined the record with particular care and I find that relator was accorded due process of law in the hearing before the state tribunal and the record amply supports the findings of the Trial Judge. The judgment of the State Court will not be disturbed. An order will be entered denying the petition of relator.