UNITED STATES of America ex rel. Earl
Richard SAUNDERS, Appellant,

v.

David N. MYERS, Warden, Eastern State
Penitentiary, Graterford,
Pennsylvania.

No. 13032.

United States Court of Appeals
Third Circuit.

Submitted Jan. 18, 1960.

Decided March 21, 1960.

Norman Landy, Pittsburgh, Pa., for
appellant.

Edward C. Boyle, Dist. Atty. for Al-
legheny County, William Claney Smith,
Asst. Dist. Atty., Pittsburgh, Pa., for
appellee.

Before GOODRICH, McLAUGHLIN
and KALODNER, Circuit Judges.

McLAUGHLIN, Circuit Judge.

Appellant, Saunders, seeks review of
the district court's refusal to grant his
petition for a writ of habeas corpus.
The doctrine of exhaustion of state rem-
edies has been satisfied.

Saunders was convicted of murder in
the first degree in the Court of Oyer and
Terminer of Allegheny County, Pennsyl-
vania for the shooting and killing of a
gas station attendant. He is now serving
a life sentence.

The chief witness for the prosecution
was Edward Hargrove, ten years old at
the time the crime was committed. He
had known the defendant very well for
from three to five years prior to the oc-
currence. They lived five doors from
each other and saw each other practically
every day. Hargrove testified that he
saw the attack upon the victim by some-
one wearing a mask. The latter then ran
to a point where he was right across the
twenty-four foot wide street from where
Hargrove was standing. At that time
the mask slipped for a moment, Hargrove
got a good look at the person's face and
immediately recognized the defendant.
He told his mother and stepfather of
this and identified Saunders in the police
line-up. The trial court in its opinion
denying a new trial had this to say about.

Hargrove as a witness: "It was obvious to the court, to the jury and to the spectators that young Edward was telling the truth. He handled himself so intelligently, so quietly and so effectively on cross-examination that no one could doubt the sincerity of his story."

Some five months after the trial there was what the Supreme Court of Pennsylvania calls a "so-called recantation," by Hargrove of his testimony. Because of this the trial court itself examined Hargrove who insisted that he had told the truth at the trial but that he had "bad dreams" and "something kept telling me it wasn't him." The court concluded that it was not "something" but more likely "somebody" who "kept telling him". The Supreme Court held that, "Certainly the court below cannot be held to have been guilty of an abuse of discretion in refusing a new trial in view of the little faith it placed in Hargrove's so-called recantation." [1]

There were three other identification witnesses at the trial. Messrs. Wenzleburger, Nicholson and Smaltz. Wenzleburger observed the shooting, Nicholson and Smaltz came on the scene immediately thereafter and saw the perpetrator of the crime. All three identified Saunders at a police line-up. Wenzleburger and Smaltz at the trial stated they could not "positively" identify Saunders as the person they saw just after the occurrence. Nicholson testified that he could not now swear to his identification of Saunders.

The Pennsylvania Supreme Court in affirming Saunders' conviction (Commonwealth v. Saunders, supra, 386 Pa. at page 155, 125 A.2d at page 445) held:

"We find no merit in appellant's contention that the court committed error in permitting the witnesses Smaltz, Wenzelburger and Nicholson, to testify that they had identified the defendant at the police line-up. In many respects identifications made immediately after the occurrence of a crime are more reliable than when testified to at a later trial."

Urging error violative of due process, appellant bitterly protests the admission into evidence of the line-up identifications by Wenzleburger, Nicholson and Smaltz. He suggests that absent those witnesses, "The young ten year old boy was the only one who made an identification of the appellant at the trial and a review of the record will amply disclose that on his testimony (Edward Hargrove) alone (and in light of his recantation) a conviction would not have been likely."

█ Though, under the facts, we are not impressed with the above conclusion, irrespective of that, what appellant seeks to have this court do is to pass on the admissibility of the testimony and, assuming we could determine that it should have been excluded, to weigh the sufficiency of the remaining evidence. We can do neither. With certain exceptions, see Sunal v. Large, 1947, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982, none of which are present, admissibility and sufficiency of evidence are matters for appeal, not habeas corpus. Lacewell v. Hiatt, 5 Cir., 1949, 173 F.2d 889; Clarke v. Huff, 1941, 73 App.D.C. 351, 119 F.2d 204; United States ex rel. Borday v. Claudy, D.C.M.D.Pa.1952, 108 F.Supp. 778; McClellan v. Humphrey, D.C.M.D.Pa.1949, 83 F.Supp. 510, 515, affirmed United States ex rel. McClellan v. Humphrey, 3 Cir., 1950, 181 F.2d 757; Ex Parte Steele, D.C.M.D.Pa.1948, 79 F.Supp. 428; United States ex rel. Phillips v. Jackson, D.C.N.D.N.Y.1947, 72 F.Supp. 18, affirmed 2 Cir., 1947, 162 F.2d 414; Miller v. Hiatt, D.C.M.D.Pa.1943, 51 F.Supp. 76, affirmed, 3 Cir., 1944, 141 F.2d 690, Because, as here, there has been unsuccessful recourse to appeal does not make habeas corpus available as a further appellate step. Federal courts may not promulgate rules of evidence for state courts under the guise of preserving due process. The record before us does not reveal that Saunders " *   *   *

1. Commonwealth v. Saunders, 1956, 386 Pa. 149, 155, 125 A.2d 442, 444.

has been dealt with with such a lack of fairness that we may say he has not been given due process of law." United States ex rel. Elliott v. Hendricks, 3 Cir., 1954, 213 F.2d 922, 930. Brown v. Allen, 1953, 344 U.S. 443, 463, 73 S.Ct. 397, 97 L.Ed. 469.

The order of the district court will be affirmed.