John D. McCLELLAN, Petitioner,

v.

David M. HERITAGE, Warden, United States Penitentiary, Atlanta, Georgia, Respondent.

Civ. A. No. 8369.

United States District Court
N. D. Georgia,
Atlanta Division.

Jan. 7, 1964.

William C. O'Kelley and George G. Finch, Atlanta, Ga., for plaintiff.

Charles Goodson, U. S. Atty., Atlanta, Ga., for defendant.

HOOPER, Chief Judge.

In this action petitioner John D. McClellan seeks to be released from custody of the respondent, Warden at the Atlanta Penitentiary, upon allegations that his conviction and sentence in a Military Courts Martial should be set aside.

The respondent insists that the issues contained herein have been previously adjudicated against the prisoner by a trial judge (McClellan v. Humphrey, D.C., 83 F.Supp. 510), and the judgment of the trial judge has been affirmed by an appellate court (United States ex rel. McClellan v. Humphrey, 3 Cir., 181 F.2d 757). As there is no strict rule of res

judicata in habeas corpus proceedings (see 28 U.S.C.A. § 2243, note 512) this Court has carefully read the above decisions and while not applying the rule of res judicata, is of the opinion that upon the record made before this court the principles of law announced by the Court of Appeals of the Third Judicial Circuit constitute the law of this case and that petitioner cannot be released by this Court.

### THE FACTS IN THE CASE.

This Court has before it only the record of the proceedings before the Military Courts Martial and the sworn testimony of petitioner, a transcript of the same having been ordered by the Court.

A much fuller factual situation was developed by petitioner in his previous habeas corpus proceeding (83 F.Supp. 510, et seq.), for at that hearing the witnesses included the investigating officer, the trial judge advocate, defense counsel, and four other witnesses.

Findings of Fact by this Court are made by reference to the Statement of Facts contained above, excepting such facts as may be hereinafter referred to.

There are three grounds urged in this application as outlined by petitioner's counsel at this hearing, to-wit:

*Point No. 1:* That one member of the Military Court, to-wit, a Captain Dyla was not at the time of the trial an appointed member of the General Courts Martial (Tr. p. 3) because no written order had been made by a proper officer detailing him as a member of the Courts Martial. While the foregoing is correct it further appears that there was a verbal order made by the Commanding General on July 25, 1946 detailing Captain Dyla to the Courts Martial, this appearing from the record of the trial reciting that on July 30, 1946 a written order was made by the Acting Chief of Staff by Command of the Commanding General, confirming said verbal order (see 181 F.2d p. 758, h. n. 1). This point is without merit.

*Point No. 2:* "That the law member who in a courts martial serves in the capacity most analogous to that of a judge was not a member of the Judge Advocate General's Department when such a member was present for appointment as law member of the court" (see p. 4 of Tr.).

The record shows that, at the time of petitioner's trial before the Military Court, there was available a certain Major Benito Gaguine who was a member of the Judge Advocate General's Department, but he was detailed as Assistant Trial Judge Advocate. That does not necessarily mean, however, that he was "available" within the meaning of the Eighth Article of War. This contention by petitioner was thoroughly dealt with by the Court of Appeals and found to be without merit, and this Court follows said decision (181 F.2d 757, at pages 758 and 759, divisions 2 and 3).

*Point No. 3:* That the members of the Courts Martial were not appointed by Major General Lewis but the duty of appointment was delegated to his Chief of Staff, such delegation of authority not being authorized by statute and therefore the court was illegally constituted (see Tr. p. 11).

Attached to this petition for writ of habeas corpus is an exhibit dated July 24, 1946 constituting an extract from "Special Orders 169", issued by Headquarters Western Base Section, U. S. Forces, European Theatre. It recites that a court martial is appointed and under a heading "Detail for Court" is listed a number of officers, the list not containing the name of Captain Dyla who actually served on the court in question.

Petitioner is contending that it is not shown this General Court Martial was appointed by Major General Lewis who was admittedly the officer authorized to convene this court.

The extract above referred to concludes with the following language:

"By Command of Major General Lewis" and is signed

"Earle G. Wheeler, Col. G.S.C., Acting Chief of Staff."

Attached thereto is the official seal of Headquarters, Western Base Section, and it bears at the left hand bottom corner the following:

"George L. Warner, Lt. Col. A.G.D., Adjutant General."

The respondent in this case has put in evidence copy of certain portions of Army Regulations dated July 1, 1944 (AR 310–50) and Section II under the title of "Manner of Promulgation" provides that "all orders, bulletins, circulars and memoranda should be read and approved, before issue, by the commanding officer who issues them or by such officer or officers as he may designate" (see Sec. 10).

It also contains the following:

"11. Authentication of orders issued from headquarters of command —a. General orders, special orders, court-martial orders, operation orders, bulletins, circulars, and similar easily imitated publications, issued from the headquarters of a command, will be authenticated by signature or seal. Authentication will be indicated in the following manner, using the expression 'BY ORDER OF ———' if the commander is below the grade of brigadier general, and 'BY COMMAND ———' if the commander is a general officer;

(1) When the commander is a general officer and his headquarters is provided with a general staff group—
BY COMMAND OF MAJOR GENERAL ———:
OFFICIAL:
    RICHARD ROE
    Colonel, General Staff Corps
    Chief of Staff
JOHN DOE
Major, Adjutant General's Department
Adjutant General."

■ This Court construes the aforesaid regulation as providing in effect that it was not necessary that Major General Lewis actually and personally sign the orders convening the court martial, but on the other hand the fact that

he did appoint and call the court martial is sufficiently authenticated by the signature of his Acting Chief of Staff and the signature of the Adjutant General upon such orders, with the recitation that the orders were made "BY COMMAND of Major General Lewis."

It is therefore ordered that the prayers of the petition for the writ of habeas corpus will be denied and the Clerk of this Court is directed to enter an Order in accordance herewith.