**John D. McCLELLAN, Appellant,**

v.

**David M. HERITAGE, Warden, United States Penitentiary, Atlanta, Georgia, Appellee.**

**No. 21361.**

United States Court of Appeals
Fifth Circuit.

Oct. 8, 1964.

Gus L. Wood, Asst. U. S. Atty., Atlanta, Ga., Joseph J. DeFrancesco, Capt., JAGC, Office of Judge Advocate General, Dept. of the Army, Washington, D. C., Julius M. Hulsey, Asst. U. S. Atty., Charles L. Goodson, U. S. Atty., Atlanta, Ga., Abraham Nemrow, Lt. Col., JAGC, Office of Judge Advocate General, Dept. of the Army, Washington, D. C., for appellee.

Before TUTTLE, Chief Judge, BELL, Circuit Judge, and WHITEHURST, District Judge.

PER CURIAM.

This case is here on appeal from the denial of a writ of habeas corpus. Appellant John D. McClellan was tried by a general court-martial in France on July 25 and 26, 1946, and was convicted of rape, escape, and desertion. He is presently serving out his sentence for these offenses in the Atlanta federal penitentiary. The court-martial was appointed by a special order dated July 24, 1946, which concluded, "By Command of Major General Lewis," followed by the printed signature of Earle G. Wheeler, Acting Chief of Staff. The law member of the panel designated in this order was not a member of the Judge Advocate General's Department. Although he was not named in this order, Captain Bernard J. Dyla served as a member of the court-martial which tried McClellan. After the trial, a second special order was issued purporting to confirm a verbal order issued on the day of the trial appointing Captain Dyla to the court-martial panel.

McClellan sought habeas corpus in Pennsylvania in 1949, alleging inter alia that the verbal appointment of Captain Dyla was invalid and that the law member of the court-martial should have been a member of the Judge Advocate General's Department. The Third Circuit rejected these contentions and denied the writ. United States ex rel. McClellan v. Humphrey, 3 Cir., 1950, 181 F.2d 757, affirming McClellan v. Humphrey, M.D. Pa., 1949, 83 F.Supp. 510.

On this appeal, McClellan contends that the court-martial which tried and convicted him was illegally constituted in three respects. First, he alleges that the verbal appointment of Captain Dyla, confirmed by a subsequent special order, never in fact occurred, and that consequently Captain Dyla was not authorized to serve on the court-martial. The court below found to the contrary. Second, he contends that the law member of the court-martial must be a member of the Judge Advocate General's Department. Third, it is asserted that the members of the court-martial were not appointed by Major General Lewis as the law requires, but that the duty of appointment was improperly delegated to his chief of staff. In addition, it is urged that the court below failed to fully adjudicate these three objections to the validity of his court-martial.

We have carefully considered the foregoing contentions and find them all to be without merit. See the opinion of the District Court. McClellan v. Heritage, N.D.Ga., 1964, 234 F.Supp. 219. Consequently, the judgment of the District Court denying the writ of habeas corpus is affirmed.